## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEPHANIE PAYTON                           *
                                           *
v.                                         *      Civil No.  JKS 13-2034
                                           *
CAROLYN W. COLVIN                          *
Acting Commissioner of Social Security     *

## MEMORANDUM OPINION

Plaintiff Stephanie Payton brought this action pursuant to 42 U.S.C. § 405(g) for review of the Social Security Administration's (SSA) final decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. §§ 401 *et. seq.* (the Act).  Both parties' motions for summary judgment are ready for resolution, *see* ECF Nos. 9 and 13, and no hearing is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Payton's motion for summary judgment is denied, the Commissioner's motion for summary judgment is denied, and the case is remanded to the SSA for further proceedings consistent with this opinion.

## 1. Background.

Payton filed an application for DIB and SSI on April 28, 2010, R. 75, with an alleged disability onset date of June 28, 2004.  R. 69.  Both claims were denied initially on October 5, 2010, R. 77-80, and again upon reconsideration on February 2, 2011.  R. 84-85.  Payton then filed a written request for a hearing before an Administrative Law Judge (ALJ), R. 86-87, and hearings were held on March 20, 2012 and August 14, 2012.  R. 277, 281.  At the initial hearing, Payton alleged a significant problem with depression and requested a psychiatric consultative examination (CE) in order to determine a baseline of her depression, and a second hearing was scheduled pending the results of the CE. R. 279.  Dr. Shakuntala Dhir conducted this CE on April 17, 2012, diagnosing Payton with depressive disorder and suggesting medication and

therapy as her course of treatment.  R. 271-75.  Eugene Bond, the ALJ presiding over both

hearings, issued a decision on August 24, 2012, finding Payton not disabled under the Act

because she retained the residual functional capacity (RFC) to perform jobs available in

significant numbers in the national economy.  R. 18-20.  The Appeals Council subsequently

denied Payton's request for review on May 17, 2013, R. 3-5, and the ALJ's decision became the

final, reviewable decision of the agency.  R. 3.

**2. ALJ's Decision.**

The ALJ evaluated Payton's disability claim using the five-step sequential process

described in 20 C.F.R. § 404.1520.  At step one, the ALJ found that Payton had not engaged in

substantial gainful activity since the alleged onset date of June 28, 2004.  R. 12.  At step two, the

ALJ found that Payton had the following severe medical impairments: shoulder disorder,

arthritis, and back disorder.  R. 12-14.  At step three, the ALJ found that Payton did not suffer

from an impairment, or combination of impairments, listed in 20 C.F.R Part 404, Subpart P,

Appendix 1.  R. 14.  At step four, the ALJ reviewed the record and determined that Payton

possessed the RFC to perform light exertional work with a sit/stand option at will, limited

dominant hand usage, and limited general public contact, R. 14-18, and that Payton was unable

to perform any of her past relevant work.  R. 18.  At step five, given Payton's age, high school

education, work experience, and RFC, the ALJ considered the testimony of the vocational expert

(VE) and concluded that Payton was capable of work that exists in significant numbers in the

national economy.  R. 18-19.  Accordingly, the ALJ found that Payton was not disabled under

the Act and denied her application for benefits.  R. 20.

**3. Standard of Review.**

The role of this court on review is to determine if the ALJ applied the correct legal

standard in finding Payton not disabled and if substantial evidence supports that conclusion.  42

U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995).  Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotation marks omitted).  To be substantial, there must be more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Hecker*, 739 F.2d 987, 989 (4th Cir. 1984).  This court may not try the case *de novo*, and will affirm a decision if it is supported by substantial evidence.  *Id.*  If conflicting evidence could cause reasonable minds to differ on whether or not the claimant is disabled, it is the ALJ's right and responsibility to make that determination.  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

**4. <u>Discussion.</u>**

Payton raises three broad issues on appeal.  First, she contends that the ALJ failed to follow the proper procedure for analyzing mental impairments.  Payton's second claim is that the ALJ erroneously assessed her RFC.  Finally, Payton argues that the ALJ improperly relied on the testimony of the VE.  Because this case requires remand on the first issue, the court need not address Payton's other allegations.

Payton argues that the ALJ failed to follow the proper procedure for analyzing her mental impairment. ECF No. 9-1 at 3.  Specifically, Payton argues that the ALJ failed to consider: (1) whether her mental impairment was severe at step two of the sequential evaluation process; (2) whether her mental impairment met or equaled the requirements of an Impairment Listing at step three; and (3) whether the ALJ should have more fully incorporated her mental impairment in his RFC assessment at steps four and five.  ECF No. 9-1 at 6-7.

To determine the severity of a mental impairment at any level of the administrative review process, an ALJ must employ the "special technique" set out in 20 C.F.R. §§ 404.1520a and 416.920a.  The first step is for the ALJ to evaluate a claimant's pertinent symptoms, signs,

and laboratory findings to determine whether she has a medically determinable mental impairment or impairments.  20 C.F.R. §§ 404.1520a(b)(1).  Upon a colorable showing of impairment, the ALJ then rates the degree of functional limitation based on the extent to which the impairment interferes with the claimant's ability to function independently, appropriately, effectively, and on a sustained basis according to four broad areas of function: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3)-(4); *see, e.g. Felton-Miller v. Astrue*, 459 F. App'x. 226, 231 (4th Cir. 2011).  The ALJ must include in his report the degree of limitation in each of the functional areas described in §§ 404.1520a(c) and 416.920a(c), marked as none, mild, moderate, or severe. 20 C.F.R. §§ 404.1520a(e)(4) and 416.920a(e)(4).  The ALJ's analysis also must include "the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment." 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4).  If the ALJ finds that the claimant has a severe mental impairment that neither meets nor is equivalent in severity to any listing, the ALJ must nonetheless address the impairment when formulating a claimant's RFC at steps four and five. 20 C.F.R. §§ 404.1520a(d)(3).

This special technique is crucial in evaluating the limitations caused by mental impairments because of the high degree of difficulty claimants with such conditions may experience adapting to the workplace.  *See* SSR 85-15, 1985 SSR LEXIS 20, at *5-6 (Jan. 1, 1985).  Individuals with mental illness may be able to function well within a restrictive or inflexible routine, but nonetheless be unable to meet the demands of even low-difficulty jobs.  *Id.* For that reason, the SSA requires a thorough and individualized assessment of how limitations created by claimants' mental impairments affect their RFC and ability to work.  *Id.*

In the instant case, it is undisputed that the ALJ did not apply the special technique in evaluating Payton's mental impairment, despite Payton's claim of mental impairment, R. 17, and Dr. Dhir's diagnosis of depressive disorder.  R. 271-75.  Perhaps because of this failure to apply the special technique, the ALJ also failed to determine whether Payton's depressive disorder constitutes a severe impairment at step two of the sequential evaluation process.  Nevertheless, the ALJ's failure to use the special technique and to classify plaintiff's depressive disorder as severe at step two are not necessarily fatal to his analysis if he cures the error in his subsequent RFC assessment at steps four and five.  *See Rivera v. Astrue*, 2013 U.S. Dist. LEXIS 119377, at *21 (D. Md. Aug. 22, 2013).  This is because the evaluation of all of the claimant's impairments—including those labeled both severe and non-severe—continues in steps three through five based on the finding of *any* severe impairment at step two.  Thus, a claimant will not be prejudiced by the ALJ's failure to classify her mental impairment as severe at step two, so long as the ALJ finds at least one severe impairment.  *See* 20 C.F.R. § 404.1523 (2010); *see also Ellis v. Astrue*, Case No. TMD 10-1020, 2011 U.S. Dist. LEXIS 134551, at *6 (D. Md. Nov. 22, 2011) (finding no reversible error when an ALJ classified Plaintiff's Hepatitis C as non-severe, for the ALJ continued to consider this non-severe impairment in the remaining steps in the sequential analysis based on the determination at step two that claimant had severe asthma and gastrointestinal problems).  The ALJ's duty of explanation, set forth by 20 C.F.R. §§ 404.1520a, will be satisfied provided that he include a narrative function-by-function analysis in his RFC assessment thoroughly explaining his determinations in the four broad areas of function so that this court may properly review whether these findings are supported by substantial evidence.  *See Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1991); *see also Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011) (finding the ALJ's analysis sufficient, despite failure to document application of the "special technique," when he: "(1) concluded,

without discussion, that the claimant's depressive disorder was a severe impairment . . . (2) rated the claimant's limitations in the four functional areas . . . and (3) discussed the medical evidence pertaining to the claimant's depression when assessing her mental RFC.").

The critical question in this case is whether the ALJ adequately considered Payton's mental impairment in fashioning the RFC assessment.  As noted by the ALJ, an individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  In making this finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.  Specifically, the ALJ must itemize the "various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments."[1]  SSR 96-8p, 1996 SSR LEXIS 5, at *13.  This determination is not the same as the aforementioned severity analysis and listing comparison conducted at steps two and three respectively.  *Id.*  It is, however, imperative to the process, as mental impairments, both severe and non-severe, can impact one's work-related capacities. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A) ("An assessment of your RFC complements the functional evaluation necessary for paragraphs B and C of the listings by requiring consideration of an expanded list of work-related capacities that may be affected by mental disorders when your impairment(s) is severe but neither meets nor is equivalent in severity to a listed mental disorder.").

Here, the ALJ referenced Dr. Dhir's diagnosis of Payton's depressive order, but erroneously quoted Dr. Dhir as stating that Payton experienced "mental limitations on less than an occasional basis."  R. 16.  The ALJ reiterated later that Payton may indeed experience "occasional depression," but that her depression did not warrant a finding of disability.  R. 17.

---

[1] These categories listed in 12.00 of the Listing of Impairments are the same four general categories of function listed above: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00.

And while the RFC does restrict Payton to "limited general public contact," the ALJ does not explain how the medical evidence supports this degree of limitation.

Additionally, the ALJ (1) did not evaluate Payton's "pertinent symptoms, signs, and laboratory findings" to determine whether a medically determinable mental impairment existed, in violation of 20 C.F.R. § 404.1520a(b)(1); (2) did not provide a "more detailed assessment" of her mental impairment, in violation of SSR 96-8p; (3) made no mention of any mental limitations at any point in his RFC assessment, in violation of 20 C.F.R. §§ 404.1520a and 416.920a; (4) made no reference to the four broad categories of functional limitation, in violation of 20 C.F.R. §§ 404.1520a and 416.920a; (5) cited no medical evidence or testimony refuting Payton's alleged mental limitations (which allegedly resulted in her inability to engage in work-related activities), and (6) failed to conduct the required function-by-function analysis of her mental health or otherwise explain how her mental impairment would restrict her in the workplace.  S*ee Kozel*, 2012 U.S. Dist. LEXIS 99620, at *3-4; *see also Eiker v. Astrue*, Case No. CBD 11-3584, 2013 U.S. Dist. LEXIS 68843, at *25 (D. Md. May 15, 2013) ("Despite the ALJ's procedural fealty to the requirements of 20 C.F.R. § 404.1520a, the Court finds the analysis somewhat lacking in explanation of how the limitations caused by Plaintiff's bipolar disorder, if any, would restrict her in the workplace . . . . After limiting Plaintiff to performing simple tasks in two-hour increments, the ALJ does not explain how the medical evidence supports this degree of limitation, aside from mentioning Plaintiff's self-reported ability to read and do crossword puzzles.").  Thus, while the failure to address Payton's depression at step two is not necessarily reversible error, it became so when the ALJ failed to consider the mental impairment in his RFC assessment, as required by 20 C.F.R § 404.1520a (d)(3).  *See Johnson v. Colvin*, Case No. WGC 13-640, 2014 U.S. Dist. LEXIS 50192, at *24-25 (D. Md. Apr. 11, 2014).  Remand is thus appropriate.  *See Eiker*, 2013 U.S. Dist. LEXIS 68843, at *26 (remanding for further assessment

of Plaintiff's RFC despite application of the special technique when the District Court deemed insufficient the ALJ's explanation as to how the limitations caused by Plaintiff's bipolar disorder would restrict her in the workplace).  On remand the court cautions the ALJ to take note of SSR 85-15, 1985 SSR LEXIS 20 and properly assess whether Plaintiff in fact retains the RFC to work in spite of her depression.

**5. Conclusion**

For the foregoing reasons, the Commissioner's motion for summary judgment will be denied, Payton's motion for summary judgment will be denied, and Payton's motion for remand will be granted.  The case is remanded to the SSA for further proceedings consistent with this opinion.

Date:  August 20, 2014                                      _____/S/_____
                                                           JILLYN K. SCHULZE
                                                           United States Magistrate Judge